Matthew T. Christensen
ANGSTMAN JOHNSON
3649 N. Lakeharbor Lane
Boise, Idaho 83703
Telephone: (208) 384-8588
Facsimile:  (208) 853-0117
Christensen ISB: 7213

Attorney for Defendant Ronald W. Jaques

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>RONALD WADE JAQUES,<br><br>           Debtor. | Bankr. Case No.: 18-01092-TLM |
| T STREET LLC, an Idaho limited liability company, DOHENY LLC, an Idaho limited liability company, TRESTLES LLC, an Idaho limited liability company, OAKLANDS, LLC, an Idaho limited liability company, EJC LLC, an Idaho limited liability company, EUDA LLC, an Idaho limited liability company, TAMMARA HERON, trustee of the Heron Family Trust, and SILVER FOX MANAGEMENT LLC, an Idaho limited liability company,<br><br>           Plaintiffs,<br><br>vs.<br><br>RONALD WADE JAQUES, an individual, and JANE AND JOHN DOES 1-10,<br><br>           Defendants. | Adv. Case No. 18-06031-TLM<br><br>ANSWER TO COMPLAINT |

ANSWER TO COMPLAINT – PAGE 1
A◆J; Matter: 12504-004

The Defendant Ronald W. Jaques ("Jaques"), by and through his counsel of record, ANGSTMAN JOHNSON, answers the Complaint in the above-matter as follows:

1. The Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Except as expressly admitted herein, Jaques denies each and every allegation of the Complaint.

3. Jaques admits the allegations contained in paragraphs 1, 3, 8, 9, 10, 11, 12, 14, and 19 of the Complaint.

4. In response to the allegations in paragraph 2 of the Complaint, Jaques admits only that he caused bankruptcy petitions to be filed for Paradigm Property Solutions, LLC, and Rentmaster of Rexburg, LLC, and that the petitions identify each other as co-debtors of certain debts. Any other allegations contained in this paragraph are denied.

5. In response to the allegations in paragraph 4 of the Complaint, Jaques specifically denies that he was ever engaged to manage various properties, or owed duties to the Plaintiffs as an individual.

6. In response to the allegations in paragraph 5 of the Complaint, Jaques affirmatively states that there were different dates of the bankruptcy petitions and the term "accounted for" is vague and ambiguous, and that the amounts allegedly owed are incorrect. On these bases, Jaques denies the allegations contained in paragraph 5.

7. No response is required to the statements made in paragraph 6 of the Complaint, as that paragraph simply recites the relief sought by the Plaintiffs. However, to the extent a response is necessary, Jaques denies that the Plaintiffs are entitled to the relief sought and denies that the Plaintiffs requested relief is consistent with the remainder of the Complaint.

ANSWER TO COMPLAINT – PAGE 2
A◆J; Matter: 12504-004

8.     In response to the allegations in paragraph 7 of the Complaint, Jaques admits that jurisdiction and venue are proper in this Court, but denies that the remedy sought by the Plaintiffs in this paragraph is consistent with the relief sought elsewhere in the Complaint.

9.     Jaques is without sufficient knowledge to admit or deny the allegations contained in paragraph 13 of the Complaint, and therefore denies the same.

10.     In response to the allegations in paragraph 15 of the Complaint, Jaques denies the allegations contained in the first sentence, and admits that in 2010 he purchased Rentmaster of Rexburg.  Jaques does not have access to the rental and company records to confirm or deny the remaining allegations contained in paragraph 15 and therefore denies the same.

11.     In response to the allegations in paragraph 16 of the Complaint, Jaques admits the allegations contained in the first 2 sentences of that paragraph.  Jaques further admits that Paradigm purchased management contracts from Legacy Management Group, LLC.  Jaques does not have access to the rental and company records to confirm or deny the remaining allegations contained in paragraph 16 and therefore denies the same.

12.     In response to the allegations in paragraph 17 of the Complaint, Jaques admits the allegations contained in the first two sentences of this paragraph.  Jaques denies the remaining allegations contained in paragraph 17.

13.     In response to the allegations in paragraph 18 of the Complaint, Jaques admits that a lawsuit was filed by Clark in October 2016, and payment was made to him in June and August 2017.  All other allegations contained in paragraph 18 are denied.

14.     In response to the allegations in paragraph 20 of the Complaint, Jaques admits the allegations contained in the first sentence.  All other allegations in paragraph 20 are denied.

15.     Jaques denies the allegations contained in paragraph 21 of the Complaint.

16. Jaques denies the allegations contained in paragraph 22 of the Complaint.

17. Jaques denies the allegations contained in paragraph 23 of the Complaint.

18. In response to the allegations contained in paragraph 24 of the Complaint, Jaques restates and reiterates the previous responses.

19. In response to the allegations contained in paragraph 25 of the Complaint, Jaques admits that 11 U.S.C. §523(a)(2)(A) excepts certain debts from discharge. The remainder of the allegations in this paragraph are legal conclusions which do not require a response. To the extent a response is deemed required, Jaques denies any allegations which do not comply with the legal requirements for dischargeability.

20. Jaques denies the allegations contained in paragraph 26 of the Complaint.

21. Jaques denies the allegations contained in paragraph 27 of the Complaint.

22. Jaques denies the allegations contained in paragraph 28 of the Complaint.

23. Jaques denies the allegations contained in paragraph 29 of the Complaint.

24. In response to the allegations contained in paragraph 30 of the Complaint, Jaques restates and reiterates the previous responses.

25. In response to the allegations contained in paragraph 31 of the Complaint, Jaques admits that 11 U.S.C. §523(a)(2)(B) excepts certain debts from discharge. The remainder of the allegations in this paragraph are legal conclusions which do not require a response. To the extent a response is deemed required, Jaques denies any allegations which do not comply with the legal requirements for dischargeability.

26. Jaques denies the allegations contained in paragraph 32 of the Complaint.

27. Jaques denies the allegations contained in paragraph 33 of the Complaint.

28. Jaques denies the allegations contained in paragraph 34 of the Complaint.

29. In response to the allegations contained in paragraph 35 of the Complaint, Jaques restates and reiterates the previous responses.

30. In response to the allegations contained in paragraph 36 of the Complaint, Jaques admits that 11 U.S.C. §523(a)(4) excepts certain debts from discharge. The remainder of the allegations in this paragraph are legal conclusions which do not require a response. To the extent a response is deemed required, Jaques denies any allegations which do not comply with the legal requirements for dischargeability.

31. In response to the allegations contained in paragraph 37 of the Complaint, Jaques admits that 11 U.S.C. §523(a)(4) excepts certain debts related to fraud or defalcation while acting in a fiduciary capacity from discharge. The remainder of the allegations in this paragraph are legal conclusions which do not require a response. To the extent a response is deemed required, Jaques denies any allegations which do not comply with the legal requirements for dischargeability.

32. In response to the allegations contained in paragraphs 37(a) of the Complaint, Jaques asserts that this paragraph contains legal conclusions which do not require a response. To the extent a response is deemed required, Jaques disputes that Idaho law is as outlined in this paragraph.

33. Jaques denies the allegations contained in paragraphs 37(b) and 37(c) of the Complaint.

34. In response to the allegations contained in paragraphs 38 of the Complaint, Jaques asserts that this paragraph contains legal conclusions which do not require a response. To the extent a response is deemed required, Jaques disputes that the law is as outlined in this paragraph.

35. Jaques denies the allegations contained in paragraphs 38(a), 38(b), 38(c), and 38(d) of the Complaint.

36. Jaques denies the allegations contained in paragraph 39 of the Complaint.

37. In response to the allegations contained in paragraph 40 of the Complaint, Jaques restates and reiterates the previous responses.

38. In response to the allegations contained in paragraph 40(a) of the Complaint, Jaques admits that 11 U.S.C. §523(a)(6) excepts certain debts from discharge. The remainder of the allegations in this paragraph are legal conclusions which do not require a response. To the extent a response is deemed required, Jaques denies any allegations which do not comply with the legal requirements for dischargeability. Further, to the extent any allegations are factual allegations, Jaques denies the same.

39. Jaques denies the allegations contained in paragraph 41 of the Complaint.

40. In response to the allegations contained in paragraph 42 of the Complaint, Jaques restates and reiterates the previous responses.

41. In response to the allegations contained in paragraph 43 of the Complaint, Jaques admits that 11 U.S.C. §362 prohibits certain actions in violation of the automatic stay. The remainder of the allegations in this paragraph are legal conclusions which do not require a response. To the extent a response is deemed required, Jaques denies any allegations which do not comply with the legal requirements for automatic stay violations or relief. Further, to the extent any allegations are factual allegations, Jaques denies the same.

42. In response to the allegations contained in paragraph 44 of the Complaint, Jaques restates and reiterates the previous responses.

43. In response to the allegations contained in paragraph 45 of the Complaint, Jaques admits that it appears the ELC Creditors have retained counsel. Jaques denies the remaining allegations of this paragraph.

44. The Complaint contains what is commonly referred to as a "Prayer for Relief." No response to the Prayer for Relief is required. However, to the extent a response is deemed required, Jaques denies that the Plaintiffs are entitled to the relief requested therein.

## ATTORNEY FEES

Jaques has required to obtain counsel to defend these allegations and requests attorney fees pursuant to any and all applicable statutes and any other applicable provision of law.

## CONSENT TO FINAL ORDERS

Pursuant to Fed. R. Bankr. Proc. 7008, Jaques hereby consents to final orders in this matter being entered by the bankruptcy court.

## PRAYER FOR RELIEF

Based upon the foregoing, Jaques requests that the Court (1) dismiss the Complaint of the Plaintiffs, that they take nothing thereby; (2) award Jaques his reasonable attorney fees and costs incurred in defending this action; and (3) award such other relief as the Court deems just and equitable.

DATED this 15th day of January, 2019.

          /s/ Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15TH day of January, 2019, I filed the foregoing ANSWER TO COMPLAINT electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew T. Christensen        mtc@angstman.com
David M. Fogg                 david@fogglawoffice.com

Any others as listed on the Court's ECF Notice.

           /s/  Matt Christensen
Matthew T. Christensen

ANSWER TO COMPLAINT – PAGE 8
A◆J; Matter: 12504-004