UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>RONALD WADE JAQUES,<br><br>    Debtor. | Case No. 18-01092-TLM |
| T STREET LLC, an Idaho limited liability company; DOHENY LLC, an Idaho limited liability company; TRESTLES LLC, an Idaho limited liability company; OAKLANDS LLC, an Idaho limited liability company; EJC LLC, an Idaho limited liability company; EUDA LLC, an Idaho limited liability company; TAMMARA HERON, trustee of the Heron Family Trust; and SILVER FOX MANAGEMENT LLC, an Idaho limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br> RONALD WADE JAQUES,<br><br>    Defendant. | Adv. No. 18-06031-TLM |

MEMORANDUM OF DECISION

In this adversary proceeding, Plaintiffs, T Street LLC, Doheny LLC, Trestles LLC, Oaklands LLC, EJC LLC, EUDA LLC, Tammara Heron as trustee of the Heron Family Trust, and Silver Fox Management LLC (collectively "Plaintiffs"), sought a

MEMORANDUM OF DECISION - 1

determination that debts were owed them by Paradigm Property Solutions, LLC ("Paradigm"); those debts were imputed to Ronald Wade Jaques ("Debtor"); and those debts were nondischargeable under § 523(a)(2), (4), and/or (6).[1] On March 12, 2020, this Court issued its Memorandum Decision, finding for the Plaintiffs and awarding a total of $390,716.10 in damages. Doc. No. 55 (the "Decision"). Addressing Plaintiffs' request for attorneys' fees and costs, this Court provided:

> Plaintiffs are entitled to attorneys' fees under Idaho Code § 12-120. Plaintiffs shall submit their affidavit of attorneys' fees within fourteen (14) days. Debtor shall have fourteen (14) days to respond, after which the Court will consider the submissions without oral argument and determine and award appropriate fees. Plaintiffs are also entitled to costs under Rule 7054(b).

*Id*. at 58. The Court further provided that "Plaintiffs must submit a cost bill in accordance with LBR 7054.1." *Id*. n.83.

On March 26, 2020, Plaintiffs filed their "Plaintiff's [*sic*] Memorandum of Attorney Fees and Costs," Doc. No. 57 (the "Memorandum"), along with an "Affidavit of Nate Peterson in Support of Plaintiffs' Award of Attorney Fees and Costs," Doc. No. 57-1 ("Peterson Affidavit"), a "Declaration of David M. Fogg in Support of Plaintiffs' Award of Attorney Fees and Costs," Doc. No. 57-2 ("Fogg Declaration"), and a "Declaration of David Arkoosh in Support of Plaintiffs' Award of Attorney Fees and Costs," Doc. No. 57-3 ("Arkoosh Declaration"). Based on the Memorandum, it is apparent Peterson and Fogg were counsel for Plaintiffs involving Debtor's bankruptcy

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532, Rule citations are to the Federal Rules of Bankruptcy Procedure, and Civil Rule citations are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 2

and the bankruptcies of his LLC entities, Rentmaster of Rexburg, LLC ("Rentmaster"), and Paradigm.  Doc. No. 57 at 2, ¶ 2.  Arkoosh represented Plaintiffs in the state court action against Debtor and his entities.  *Id.*  Plaintiffs request $86,598.50 in attorneys' fees and $6,278.87 in costs.  *Id.* at 1.

On April 16, 2020, Debtor filed his "Objection to Plaintiff's [*sic*] Memorandum of Attorney Fees and Costs."  Doc. No. 60 (the "Objection").  Debtor argues no costs should be allowed because Plaintiffs failed to file a bill of costs in accordance with LBR 7054.1.  *Id.* at 2.  Debtor further objects to the attorneys' fees Plaintiffs seek, arguing the requested fees do not match the time entries provided, they improperly include fees for representation in the state court action, they improperly include fees for bankruptcy proceedings in the main bankruptcy case which are unrelated to the adversary proceeding, and there are duplicated entries.  *Id.* at 3–7.

The Court, having considered the submissions of the parties, finds Debtor's Objection is generally well taken and Plaintiff's submissions raise multiple concerns as addressed below in the Court's finding and conclusions.

 DISCUSSION AND DISPOSITION

**A.    Attorneys' Fees**

    **1.    State Court and Unrelated Fees**

Plaintiffs seek attorneys' fees associated with this adversary proceeding, other bankruptcy matters, and services performed in the state court action.  This Court explained in *Kilborn v. Haun (In re Haun),* 396 B.R. 522 (Bankr. D. Idaho 2008)

MEMORANDUM OF DECISION - 3

(quoting *Bertola v. Northern Wisconsin Produce Co., (In re Bertola)*, 317 B.R. 95, 99–100 (9th Cir. BAP 2004)):

> In federal courts, attorneys' fees ordinarily are not recoverable by the prevailing party in an action except by contract or by statute. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 257, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). This principle is known as the American Rule.
>
> In addition to the American Rule, there is no general right to recover attorneys' fees under the Bankruptcy Code. *Heritage Ford v. Baroff (In re Baroff),* 105 F.3d 439, 441 (9th Cir. 1997). Instead, whether fees may be awarded in bankruptcy proceedings generally depends, in part, on whether the case involves state or federal claims and whether the applicable law allows such fees. "[A] prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." *Id.; see also Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi),* 104 F.3d 1122, 1126–27 (9th Cir. 1996).

*Id.* at 527.

As noted in *Haun,* this Court may allow attorneys' fees to a party that establishes a debt in an adversary proceeding if that party would be entitled to fees in state court to prove that same debt. *Id.* at 528. However, attorneys' fees incurred outside the adversary proceeding are not awardable. *Id.* at 532 ("In any event, the Court concludes that all these April services are outside the scope of this adversary proceeding which did not commence until July, 2007. As such, compensation for these services will not be awarded as part of the attorneys' fees for this litigation."); *see also Twitchell v. Hunt (In re Hunt)*, 2009 WL 2169884, *2 (Bankr. D. Idaho July 15, 2009) ("Services . . . were rendered in pursuit of Plaintiffs' state court litigation against Defendant. . . . As in [*Haun*]*,* these services are outside the scope of this adversary proceeding and the

MEMORANDUM OF DECISION - 4

compensation for such services will not be awarded as part of the attorneys' fees in the litigation before this Court.").

Here, Plaintiffs include in their Memorandum $26,803.00 of attorneys' fees incurred in pursuit of their state court litigation for services rendered between June 6, 2018, and August 8, 2018.  Doc. No. 57 at 2; Doc . No. 57-3 at 5, 13.  This adversary proceeding commenced on November 20, 2018.  Doc. No. 1.  The $26,803 was incurred prior to the commencement of this adversary proceeding and solely in pursuit of the state litigation, and such fees will not be awarded by this Court.  Therefore, Plaintiffs' requested state court fees will not be awarded.

Similarly, there is no general right to attorneys' fees under the Code, so fees are generally not awardable for pursuit of most bankruptcy matters.  Further, as mentioned above, this Court will not award attorneys' fees incurred outside the scope of the immediate adversary proceeding.  *See Haun*, 396 B.R. at 527, 532.  Debtor identifies and objects to $2,083.50 of fees incurred in adversary proceedings related to two separate bankruptcies for Debtor's companies, Paradigm and Rentmaster.  Doc. No. 60 at 4.  Given the foregoing analysis, Debtor's Objection has merit.  Upon review, the following time entries will be disallowed because they relate to other cases, not the current adversary proceeding:

| Date | Individual | Hours | Rate | Total |
|---|---|---|---|---|
| 9/24/2018 | Fogg | 0.5 | $235 | $117.50 |
| 9/25/2018 | Fogg | 0.5 | $235 | $117.50 |
| 11/21/2018 | Fogg | 2.1 | $235 | $493.50 |
| 11/26/2018 | Fogg | 2 | $235 | $470 |
| 1/11/2019 | Fogg | 1 | $235 | $235 |
| 2/11/2019 | Fogg | 0.8 | $250 | $200 |

MEMORANDUM OF DECISION - 5

| Date | Individual | Hours | Rate | Total |
|---|---|---|---|---|
| 2/14/2019 | Fogg | 1.3 | $250 | $325 |
| 2/19/2019 | Fogg | 0.5 | $250 | $125 |
| 7/18/2019[2] | Turner | 0.5 | $75 | $37.50 |
| **TOTAL** | | 9.2 | | **$2,121.00** |

Debtor also identifies and objects to $5,915 of fees incurred in Debtor's main bankruptcy case. *Id.* at 5. Given the foregoing analysis, Debtor's Objection has merit. Upon review, the following time entries will be disallowed because they relate to services incurred in seeking relief under the Code for which there is no general right to fees:

| Date | Individual | Subject Matter | Hours | Rate | Total |
|---|---|---|---|---|---|
| 10/1/2018 | Mangiantini | Stay lift | 1.3 | $235 | $305.50 |
| 10/4/2018 | Fogg | Consolidation | 0.9 | $235 | $211.50 |
| 10/8/2018 | Fogg | Consolidation | 1.6 | $235 | $376 |
| 10/9/2018 | Fogg | Consolidation | 2.8 | $235 | $658 |
| 10/11/2018 | Fogg | Consolidation | 0.4 | $235 | $94 |
| 10/15/2018 | Fogg | Consolidation | 0.3 | $235 | $70.50 |
| 10/15/2018 | Mangiantini | Consolidation/Joint Admin | 0.6 | $235 | $141 |
| 10/24/2018 | Mangiantini | Joint Admin | 0.3 | $235 | $70.50 |
| 11/2/2018 | Mangiantini | Joint Admin | 0.5 | $235 | $117.50 |
| 11/5/2018 | Mangiantini | Joint Admin | 1.5 | $235 | $352.50 |
| 11/7/2018 | Fogg | Consolidation | 0.5 | $235 | $117.50 |
| 11/8/2018 | Fogg | Consolidation | 0.2 | $235 | $47 |
| 12/19/2018 | Fogg | Ada Cty. Tax Issue | 0.8 | $235 | $188 |
| 1/9/2019 | Fogg | Release of Funds | 1.3 | $235 | $305.50 |
| 1/10/2019 | Fogg | Release of Funds | 1 | $235 | $235 |
| 4/2/2019 | Fogg | Homestead | 1.8 | $250 | $450 |
| 7/2/2019 | Fogg | Turnover of Funds | 0.5 | $250 | $125 |
| 7/3/2019 | Fogg | Turnover of Funds | 1 | $250 | $250 |
| 7/6/2019 | Mitchell | Turnover of Funds | 1.2 | $150 | $180 |
| 7/7/2019 | Mitchell | Turnover of Funds | 1.4 | $150 | $210 |

---

[2] This time entry indicates Ms. Turner provided services in relation to the Paradigm adversary proceeding, but Debtor did not include this time entry in his Objection. Even in the absence of an objection, this Court has an independent duty to review fees. *Cf. In re Stewart*, 2008 WL 8462960, *6 n.5 (9th Cir. BAP Mar. 14, 2008), aff'd, 334 F. App'x 854 (9th Cir. 2009) (discussing a bankruptcy court's unilateral reduction of fees sought by the debtor's counsel for services in the main bankruptcy case). Given the description provided, this service also pertained to litigation outside this adversary proceeding, and, thus, will be disallowed.

MEMORANDUM OF DECISION - 6

| Date | | | | | |
|---|---|---|---|---|---|
| 7/8/2019 | Fogg | Turnover of Funds | 0.7 | $250 | $175 |
| 7/11/2019 | Mitchell | Turnover of Funds | 1.4 | $150 | $210 |
| 7/17/2019 | Fogg | Turnover of Funds | 1.5 | $250 | $375 |
| 9/10/2019 | Fogg | Turnover of Funds | 0.6 | $250 | $150 |
| 9/11/2019 | Fogg | Turnover of Funds | 0.5 | $250 | $125 |
| 9/17/2019 | Fogg | Release of Funds | 0.5 | $250 | $125 |
| 9/18/2019 | Fogg | Turnover/Release | 1 | $250 | $250 |
| **TOTAL** | | | **26.1** | | **$5,915.00** |

### 2. Duplicated Fees

Debtor contends certain time entries on pages 20–21 of Doc. No. 57-2 are duplicated on page 28 of that document, and "nearly all of the time entries from pages 30–31 were also included on pages 28–29 of the same document." Doc. No. 60 at 6. Debtor is correct.[3] The following entries are duplicated:

| Date | Individual | Hours | Rate | Total |
|---|---|---|---|---|
| 7/10/2019 | Peterson | 1 | $250 | $250 |
| 8/20/2019 | Fog | 2 | $250 | $500 |
| 8/21/2019 | Peterson | 5 | $250 | $1,250 |
| 9/12/2019 | Peterson | 2.5 | $250 | $625 |
| 9/13/2019 | Peterson | 4.5 | $250 | $1,125 |
| 9/22/2019 | Peterson | 1.5 | $250 | $375 |
| 10/13/2019 | Peterson | 0.5 | $250 | $125 |
| 10/28/2019 | Peterson | 0.5 | $250 | $125 |
| 10/28/2019 | Peterson | 1.5 | $250 | $375 |
| 11/6/2019 | Peterson | 0.4 | $250 | $100 |
| 11/8/2019 | Peterson | 0.5 | $250 | $125 |
| 11/11/2019 | Peterson | 4 | $250 | $1,000 |
| 11/13/2019 | Peterson | 3 | $250 | $750 |
| 11/14/2019 | Peterson | 4 | $250 | $1,000 |
| 11/15/2019 | Peterson | 1 | $250 | $250 |
| 11/16/2019 | Peterson | 3 | $250 | $750 |
| 11/17/2019 | Peterson | 3 | $250 | $750 |
| 11/18/2019 | Peterson | 5 | $250 | $1,250 |
| 11/19/2019 | Peterson | 8 | $250 | $2,000 |

---

[3] Duplication is evident in Doc. No. 57-2 at the page ranges Debtor identifies and for one duplicated entry appearing on pages 17 and 28.

MEMORANDUM OF DECISION - 7

| Date | Attorney | Hours | Rate | Total |
|---|---|---|---|---|
| 11/20/2019 | Peterson | 8 | $250 | $2,000 |
| 11/21/2019 | Peterson | 7 | $250 | $1,750 |
| 11/25/2019 | Peterson | 2 | $250 | $500 |
| 11/26/2019 | Peterson | 3 | $250 | $750 |
| 11/29/2019 | Peterson | 2 | $250 | $500 |
| 12/4/2019 | Peterson | 0.3 | $250 | $75 |
| 12/5/2019 | Peterson | 0.3 | $250 | $75 |
| 12/8/2019 | Peterson | 3 | $250 | $750 |
| 12/12/2019 | Peterson | 2.5 | $250 | $625 |
| 12/13/2019 | Peterson | 0.5 | $250 | $125 |
| **TOTAL** | | **79.5** | | **$19,875.00** |

Such duplicate entries will be disregarded and the services only counted once in calculating the final fee award.

### 3. Fees During Travel

Debtor objects to the entry for $1,250 in attorneys' fees for travel to Twin Falls, Idaho on April 26, 2019, and argues the fee should be reduced by one-half to $625. Doc. No. 57-2 at 14. However, this Court notes the April 26 time entry requests $1,250 for travel time and for review of discovery in the possession of the chapter 7 trustee. *Id*. This lumped entry creates hurdles for the Court's review. This Court condemned the concept of lumping in *In re Jones*, 356 B.R. 39 (Bankr. D. Idaho 2005):

> In providing his itemization of time spent in each of the above cases, Counsel "lumped" entries, i.e., used a single entry listing (or, more accurately, intending to list) several different and distinct services with an aggregate time. This approach makes determining actual time spent on any individual task impossible.
>
> . . .
>
> . . . This Court has repeatedly identified the lumping of time entries as improper. *See, e.g., In re Haskew*, 01.2 I.B.C.R. 62, 65 (Bankr. D. Idaho 2001) ("Lumping compensable services together with noncompensable services makes it difficult if not impossible to determine the amount of time actually spent on the compensable services. In such situations, the Court

MEMORANDUM OF DECISION - 8

> may deny compensation requested in the lumped entry."); *In re Jordan*, 00.1 I.B.C.R. 46, 49 (Bankr. D. Idaho 2000) (citing *Pfeiffer v. Couch (In re Xebec)*, 147 B.R. 518, 525 (9th Cir. BAP 1992)). Lumping impedes reasoned analysis. . . . This matters because some of the tasks he identified in his defense of the entries are clearly clerical in nature, or would appear to not require much professional time to complete.

*Id.* at 45–46. The issue is pertinent here, because the Court must ascertain the time attributable to travel and the time attributable to review of discovery.

Debtor's Objection as to the charge for travel time at the full hourly rate has merit. "As a general rule in this District, in most instances travel time is compensated at a reduced hourly billing rate." *In re Leed Corp.*, No. 96-00847, 1997 WL 34584334, at *3 (Bankr. D. Idaho July 22, 1997). The travel time between Meridian, Idaho and Twin Falls, Idaho is four hours round trip. Billing those four hours at half of Fogg's hourly rate amounts to an allowed charge of $500 ($250 ÷ 2 x 4). Despite the lumping, the Court will also allow the additional one hour for discovery document review at Fogg's full hourly rate. Thus, the total charge allowed will be $750.[4]

### 4. Attorneys' Fees to be Awarded

Accounting for the adjustments outlined above, and finding reasonable the hourly rates of counsel and counsels' paralegal,[5] the Court will award $51,475.50 in attorneys'

---

[4] Plaintiffs lump other time entries in Doc. No. 57-2 at 6–38. This practice is ill advised. However, Debtor did not challenge Plaintiffs' requested attorneys' fees on this basis, and the Court is not inclined to alter the requested fees beyond what is otherwise noted in this decision.

[5] The Peterson Affidavit states that Nate Peterson billed at $250 per hour. Doc. No. 57-1 at 2. The Fogg Declaration states that David Fogg billed at $235 per hour prior to January 1, 2019, and $250 per hour thereafter (though, the Court notes this adjustment occurred on February 11, 2019, and it will use the rate at which Plaintiffs were billed per the invoice—Doc. No. 57-2 at 6–38). Doc. No. 57-2 at 3. The Fogg Declaration also provides the hourly rates for attorney Paul Mangiantini which are the same as those for Fogg, including the increase after January 1, 2019. *Id.* Paralegal Ms. Turner billed at $75 per hour. *Id.* It appears Ms. Turner also billed at a reduced rate of $35 per hour, Doc. No. 57-2 at 24–25, and the (Continued)

MEMORANDUM OF DECISION - 9

fees.[6]

**B.     Costs**

    **1.     Cost Bill Requirement**

Plaintiffs seek $6,278.87 in costs.  Doc. No. 57 at 2.  Rule 7054(b) allows an award of costs to the prevailing party.  Local Bankruptcy Rule 7054.1(a) governs the procedure for requesting costs and provides:

> (a)  Within fourteen (14) days after entry of judgment under which costs may be claimed, the prevailing party may serve and file a cost bill in the form prescribed by the court, requesting an itemized taxation of costs.  The cost bill *must itemize the costs claimed* and be supported by a certificate of counsel *that the costs are correctly stated, were necessarily incurred and are allowed by law.*  The court will enforce the provisions of 28 U.S.C. § 1927 in the event an attorney or other person admitted to practice in this court causes an unreasonable increase in costs.

*Id.* (emphasis added).  Further,  28 U.S.C. § 1924 provides:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred *in the case* and that the services for which fees have been charged were actually and necessarily performed.

*Id.* (emphasis added).  A form cost bill is provided in Form B2630 on the U.S. Courts website.  *See Bill of Costs*, United States Courts (Dec. 1, 2015), https://www.uscourts.gov

---

Court will use the rates billed in the invoices to calculate the allowed fees.  Rates for attorney Katelyn Mitchell are also provided, but her only billed work was performed on turnover motions in the bankruptcy case for which no fees are allowed.  Debtor did not object to the reasonableness of those hourly rates.

    [6] As Debtor argues, the requested fees differ from the sum of the total fees in Doc. No. 57-2 at 6–31 and Doc. No. 57-3 at 5–14.  Doc. No. 60 at 3 (arguing the total fees based on Plaintiffs' submissions range anywhere from $86,894.50 to $106,769.50 depending on the math).  Rather than guess at the adjustments Plaintiffs made in calculating their request, the Court added all the fees charged in the relevant invoices that were not excluded in the foregoing analysis to reach the amount of attorneys' fees to be awarded.

MEMORANDUM OF DECISION - 10

/sites/default/files/form_ b2630_0.pdf.  Debtor objects to Plaintiffs' requested costs because Plaintiffs did not utilize the form cost bill.  Doc. No. 60 at 2–3.

While helpful, the prevailing party need not utilize the form cost bill if its memorandum of costs meets the requirements of LBR 7054.1(a).  *See, e.g., Hopkins v. Saratoga Holdings, LLC (In re Colvin)*, 2008 WL 1957855, *7 (Bankr. D. Idaho May 2, 2008).  Contrary to Debtor's assertion that this Court's Decision required Plaintiffs to use the form cost bill, *id.*, this Court merely stated "Plaintiffs must submit *a* cost bill in accordance with LBR 7054.1," Doc. No. 55 at 59, n.83 (emphasis added).  Thus, allowable costs will be awarded if the requirements of LBR 7054.1(a) are met by Plaintiffs Memorandum and attending affidavits.

Here, Plaintiffs categorized their requested costs—those incurred in the state action and those incurred in the adversary proceeding.  Doc. Nos. 57, 57-2 and 57-3.  The costs incurred in this adversary proceeding are accompanied by attestations by David Fogg, Doc. No. 57-2 ¶ 5, stating the costs incurred were accurate, necessary, and allowed under law.  The Fogg Declaration does not specifically state the costs were incurred in connection with this adversary proceeding, but, upon review, it is evident that the costs sought were incurred in this action.  In addition, the Fogg Declaration sufficiently itemizes Plaintiffs' costs.  Doc. No. 57-2 at 3.  This satisfies the requirements of LBR 7054.1(a).

Even though Arkoosh also certified that the costs incurred in the state court proceeding were accurate, necessary, and allowed under law, Doc. No. 57-3 ¶ 4, those costs were not incurred in this adversary proceeding.  "This Court only taxes costs

MEMORANDUM OF DECISION - 11

incurred in connection with the adversary proceeding filed and prosecuted before it." *Haun*, 396 B.R. at 535; *see also* 28 U.C.S. § 1924 (requiring the costs be incurred "in the case"). Thus, the $1,327.27 of costs sought in the Arkoosh Declaration, Doc. Nos. 57-3 at 2, will not be taxed because they were not incurred in connection with this adversary proceeding.[7]

### 2.   Allowable Costs

As provided in LBR 7054.1(c), only certain costs are awardable, including clerk's fees; service fees; trial transcripts; deposition costs; witness fees, mileage, and subsistence; copies of papers and exhibits; maps, charts, models, photographs, summaries, computations, and statistical summaries; interpreter or translator fees; and other fees with prior court approval. LBR 7054(c); *see also Banner Bank v. Wyatt (In re Wyatt),* 609 B.R. 530, 536 (Bankr. D. Idaho 2019) ("Per LBR 7054 .1, only the specific costs listed in subsections (c)(1) through (c)(7) are awarded as a matter of right. Under LBR 7054.1(c)(8), approval of 'other items' may only be taxed 'with prior court approval'"). Further, "[t]he certificate of counsel required by 28 U.S.C. § 1924 and the rules are *prima facie* evidence of the facts recited therein.  The burden is on the opposing party to establish that a claim is incorrectly stated, unnecessary, or unreasonable." LBR 7054.1(c)(9).

Plaintiffs itemized the following costs in the Fogg Declaration:

---

[7] The Court notes Plaintiffs sought a total of $2,328.27 in costs related to the state court action, Doc. No. 57 at 2, but Arkoosh only attested to costs totaling $1,327.27, Doc. No. 57-3 at 2. In any event, the entirety of the costs incurred in relation to the state court action, whether or not attested to, will not be taxed.

MEMORANDUM OF DECISION - 12

| | |
|---|---:|
| Deposition Costs | $2,059.20 |
| Service and Subpoenas | $691.40 |
| Filing Fees (Jaques, Rentmaster, Paradigm) | $1,050.00 |
| Photocopies | $150 |

Doc. No. 57-2 at 3.  Deposition costs are allowed under LBR 7054.1(c)(3).  It is clear from the Fogg Declaration that these deposition costs were incurred in connection with this adversary proceeding (Doc. No. 57-2 at 20–21, 38) and will therefore be awarded. Costs for photocopies are allowed under LBR 7054.1(c)(5).  These photocopying costs appear to have been incurred in connection with this adversary proceeding (*see* Doc. No. 57-2 at 22–24) and will therefore be awarded.

    Clerk's fees, such as filing fees, are allowed costs under LBR 7054.1(c)(1). However, filing fees for proceedings in the Rentmaster and Paradigm bankruptcies are not awardable in this case.  Thus, the court will award only the filing fee associated with this adversary proceeding which was $350.  Dkt. No. 2.

    While service fees as allowed by statute are recoverable costs under LBR 7054.1(c)(1), costs related to subpoenas are not enumerated in LBR 7054.1(c).  Section 1921(a)(1)(B) of Title 28 of the United States Code[8] provides that the cost of service of a subpoena by the U.S. Marshals Service may be awarded as a cost.  However, the Court cannot discern, based on the Plaintiff's submissions, that service of their subpoenas was performed by the U.S. Marshals Service.  In fact, it appears most of the service costs

---

[8] LBR 7054.1(c) begins by incorporating 28 U.S.C. §§ 1920–23, and (c)(1) further provides that costs may be awarded for "service fees as allowed by statute," but Plaintiffs have not cited to any statutory authority for allowance of the claimed service fees.

MEMORANDUM OF DECISION - 13

Plaintiffs incurred were from the employment of Tri County Process Serving. Doc. No. 57-2 at 33–35. These costs were not previously approved by the Court. Further, Plaintiffs have not provided information regarding the costs, if any, to serve Debtor the summons and complaint. As the Plaintiffs' submissions are insufficient, the requested costs for service and subpoenas will not be taxed.

To summarize, the Court will tax the costs Plaintiffs incurred in this adversary proceeding for depositions, the court filing fee, and photocopies, totaling $2,559.20.

**CONCLUSION**

Based on the foregoing, Plaintiffs will be awarded $51,475.50 in attorneys' fees and $2,559.20 in costs. The Court will enter an appropriate judgment.

DATED: June 15, 2020



_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 14